ELLEN McCABE *vs.* SAMUEL M. BELLOWS & another.

A widow who is entitled to dower in her husband's lands, subject to a mortgage executed in his lifetime, in which she joined to release dower, may maintain a bill to redeem against the mortgagee, although in the same bill she improperly seeks to have her dower set out to her. And in such bill she may join as a co-defendant one who, after the execution of the mortgage, purchased her husband's interest in the land.

CHAPMAN, J. This is a bill to redeem the mortgaged estate described. It alleges that the plaintiff is the widow of Michael McCabe; that he mortgaged the estate to one Seavey; that the plaintiff released her right of dower in said mortgage, and now has it subject to said mortgage; that the defendant Bellows is the assignee of the mortgage, and the other defendant, Mrs. Swap, is the owner of the equity of redemption. It also alleges that Bellows is in possession, taking the rents and profits; and it prays for an account, and a decree that the plaintiff may redeem by paying the whole amount due on the mortgage or her proportion thereof, and that her dower may be assigned to her.

A general demurrer is filed. Two causes of demurrer are stated in the argument. The first is, that the bill is multifarious because it seeks to redeem and to have dower assigned. But the court has no authority to assign dower in this process; and, to render a bill multifarious, the matters must be not only separate and distinct, but each of a character to entitle the plaintiff to separate equitable relief. It is not multifarious if it set up one sufficient ground for relief, and state another on which no relief can be had. Mitford's Ch. Pl. 181, note. Story's Eq. Pl. § 283. A special demurrer to the part which is bad might be maintained by answering the remainder of the bill. But as it is, the case must proceed without regard to that part.

The other ground is, that Mrs. Swap is improperly made a party. It is true that she cannot be compelled to redeem, and she has a right to elect whether she will redeem at any time before her equity expires. But the plaintiff seeks to redeem because she has a life estate in the premises, subject to the

23 *

mortgage. Mrs. Swap owns the rest of the estate, subject to
the mortgage. The account is to be taken, which should be
binding on Mrs. Swap's equity, so that she cannot disturb it if
she redeems; for the plaintiff must pay the whole mortgage,
and stand, in respect to Mrs. Swap, as mortgagee. Mrs. Swap
is properly a party, because this account is to be taken. 1 Dan-
iell Ch. Pr. 261, and cases there cited. In *Palk* v. *Lord Clinton*,
12 Ves. 59, a mortgage had been made of several estates lying
in different counties. One of them had come to the plaintiff,
the others had been conveyed to Horatio Walpole, and all of
them were subject to the mortgage. Sir William Grant held,
that Mr. Walpole ought to be made a party, because the plain-
tiff must redeem the whole mortgage, and Mr. Walpole was
interested in the account. He states at large the inconveniences
that would arise from a contrary course. His reasonings apply
as well to a case like the present as to that case. And it is a
general if not a universal rule, that all parties interested in the
taking of an account must be made parties to a bill in which
it is to be taken. Calvert on Parties, 118.

                                        *Demurrer overruled.*

*I. S. Morse*, for the plaintiff.
*B. F. Butler*, for the defendants.